UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHEN DIVISION at LONDON

Eastern District of Kentucky
FILED
JAN 5 - 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-69-GWU

CHARLOTTE BRUMMETT,            PLAINTIFF,

VS:           MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Charlotte Brummett brought this action to obtain judicial review of the unfavorable portion of an administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Brummett, a 43 year-old former teacher's aide with a high school equivalent education, became disabled as of August 14, 2003. (Tr. 22-23). Prior to this date, she was found to suffer from impairments related to a history of left ankle fracture with slight dislocation, degenerative joint disease of the sinus talus, intermittent edema, hypertension, hypothyroidism, obesity, depression, and anxiety. (Tr. 25). While the plaintiff's past relevant work was precluded, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 31-32). Since a significant number of other jobs would remain available to the claimant, she could not be considered totally disabled prior to August 14, 2003. (Tr. 32).

Brummett alleged a disability onset date of May 10, 2000 on her DIB application. (Tr. 61). The plaintiff had filed an earlier DIB application which was denied in a decision which became final on October 24, 2000. (Tr. 22). The ALJ declined to reopen this application. (Tr. 22). Therefore, the time period pertinent

5

to this appeal runs from October 25, 2000 through August 13, 2003.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Kathleen Bradford included an exertional limitation to sedentary level work restricted from a full range by such non-exertional limitations as (1) an inability to stand or walk for more than two hours in an eight-hour day; (2) an inability sit for more than six hours in an eight-hour day; (3) an inability to push or pull with the left lower extremity; (4) an inability to more than occasionally push or pull more than occasionally with the right foot; (5) an inability to more than occasionally balance, stoop, kneel, crawl, crouch, or climb ramps and stairs; (6) an inability to ever climb ladders, ropes, or scaffolds; and (7) a need to avoid exposure to unprotected heights and hazardous machinery. (Tr. 291). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 291-292). Therefore, assuming that the vocational factors fairly characterized Brummett's condition during the relevant time period, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Dr. Timothy Gardner, Brummett's treating orthopedic specialist, did not identify the existence of more severe functional limitations during the relevant time period. (Tr. 168-171, 233, 235). The hypothetical question was consistent with the functional limitations indicated by Dr. Timothy Gregg (Tr. 172-182) and Dr. James Ross (Tr. 198-207), the non-examining medical reviewers. These reports provide substantial evidence to support the administrative decision.

6

Brummett argues that the ALJ erred in rejecting the opinion of Dr. Efren Valencia, her family physician. In determining that the plaintiff became disabled on August 14, 2003, the ALJ relied upon a statement from Dr. Valencia in which the doctor reported that the patient needed to keep her leg elevated above the level of her heart for one to two hours a day due to a circulatory defect. (Tr. 247). This limitation would be totally disabling. (Tr. 29). However, the ALJ also found that this restriction had no retrospective application. (Tr. 28). Brummett maintains that this finding was erroneous. The undersigned concludes that the position of the ALJ was reasonable.

Dr. Valencia's treating records make no mention of such a restriction prior to August 14, 2003. (Tr. 144-167, 223-231). Brummett notes that the doctor advised her to seek disability in a note signed September 11, 2002. (Tr. 225). However, the doctor did not identify any specific restrictions. Dr. Gardner's treatment notes also make no mention of such a severe limitation. In February of 2002, Dr. Gardner indicated that the claimant's neurovascular status appeared intact. (Tr. 170). Therefore, the ALJ properly concluded that Dr. Valencia's August, 2003 limitation did not "relate back" to the pertinent time period.

Brummett asserts that the ALJ erred in rejecting Dr. Valencia's September, 2002 statement that she should seek disability in favor of the opinions of the non-examining reviewers. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Both Dr. Gregg (Tr. 180-181) and Dr. Ross (Tr. 206) discussed the medical record, including the treatment notes of both Dr. Valencia and Dr. Gardner. Dr. Ross at least saw all of Dr. Valencia's treatment records prior to the issuance of the physician's September, 2002 disability opinion with the

7

exception of two office visits. (Tr. 224-226). The treatment notes from these two office visits do not suggest deterioration in the claimant's condition. Therefore, under these circumstances, the ALJ could rely upon the medical reviewers.

Brummett also notes that Dr. Talmadge Hays, another treating source, stated that she should remain off work for at least one year. (Tr. 236). However, this opinion was issued in September of 2000. This was before the relevant time frame and during a period when the plaintiff has already been found to have not been disabled. Therefore, Dr. Hays' opinion is not relevant to the pertinent time frame.

The Court notes that Brummett submitted several additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 248-266). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In the present action, Brummett has failed to meet her burden of proof by adducing arguments as to why such a remand is required.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

8

entered simultaneously consistent with this opinion.

This the __5__ day of January, 2006.

_____
G. WIX UNTHANK
SENIOR JUDGE